Evette Auadalla
Olivia Auadalla
PO Box 70176
Los Angeles, CA 90070

Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
9/19/24
CENTRAL DISTRICT OF CALIFORNIA
BY____MRV____DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVETTE AUDALLA, OLIVIA AUDALLA, AN INDIVIDUAL<br><br>PLAINTIFF,<br>VS.<br>DELTA AIR LINES, INC., and Does 1 through 50, inclusive.<br><br>DEFENDANTS | Case No.: 2:24-cv-08162-MWF(SKx)<br><br>**COMPLAINT FOR:**<br>1. **Negligence;**<br>2. **Negligence Per Se**<br>3. **Negligent Infliction of Emotional Distress;**<br>4. **Intentional Infliction of Emotional Distress;**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

COMES NOW Plaintiff, Evette Auadalla and Olivia Auadalla, for his complaint alleges as follows:

## I. PARTIES

1. Plaintiff, Evette Auadalla and Olivia Audalla (Hereinafter referred to as "Plaintiff"), is a competent individual, who is a resident of Los Angeles, California.

2. Defendant in this case is, DELTA AIR LINES, INC. (For all purposes hereinafter referred to as "DELTA" or "Defendants") is a Delaware Corporation, who is a citizen of the States of Delaware, who at all material times mentioned herein, employed agents and persons, managed and controlled commercial air lines through its agents, employees and others throughout the country.

3. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendant and Does 1 through 100, inclusive, are unknown to Plaintiff at this time, and who therefore sues said Defendants by such fictitious names, Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately and legally

caused the injuries and damages to Plaintiff as hereinafter alleged, Plaintiff will ask leave of court to amend this Complaint as applicable, to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

4. Upon information and believe at all times mentioned herein, Defendant and DOES were the agent, employee and representative of each other, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, service and representation, and directed, aided and abetted, authorized or ratified each and every act and conduct herein alleged.

## II. JURISDICTION

5. This Court has jurisdiction pursuant to the Federal Aviation Act.

6. Additionally, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and interest.

## III.  VENUE

7. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391 because defendant is a resident of this district and the events giving rise to this complaint happened in this district.

## IV. STATEMENT OF FACTS

8. Upon information and belief, at all times mentioned herein, Defendants were tortfeasors in doing the things hereinafter alleged by and through itself, employees and agents.

9. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

10. That on or about 9/19/22, the Plaintiff was a patron of Defendants and while on one of Defendants' flights and aircraft, Plaintiff suffered injuries and lost luggage and personal property as a direct result of Defendants' negligent ownership, maintenance, management and operation of their aircraft, which was the proximate cause of injury and damages sustained by Plaintiff, more fully described below.

11. Solely as a result of the injuries to Plaintiffs' person and property aforementioned, the Plaintiff has incurred damages, including:

    a. Medical expenses;
    b. Inconvenience;
    c. Trip interruption;
    d. Lost wages;
    e. She has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

   f. She has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and

   g. Her overall health, strength, and vitality have been greatly impaired.

## COUNT 1

## (NEGLIGENCE)

## (By Plaintiff Against All Defendants)

12. The Plaintiff incorporates herein by reference hereto all paragraphs of this complaint as if more fully set forth herein at length.

13. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendants, which consisted inter alia of the following particulars:

   a. Delata carelessly, and recklessly, breached their duty of care to Plaintiffs by failing to safely maintain, operate, equip, manage its aircraft and flight and/or by failing to properly and safely train, teach, educate, prepare, inform, alert, monitor, guide or tutor its pilots, crew and other personnel to operate and maintain a passenger aircraft and failing to abide by policies that would have safely responded to or prevented the emergency situation.

b. Failing to properly supervise, inspect and maintain its aircraft free from defects or mechanical failures, which caused injury to Plaintiff's person, and which were recognized or should have been recognized by Defendant, as causing or likely to cause the serious physical harm to the Plaintiff;

c. Otherwise failing to exercise the degree of care required under the circumstances; and

d. Otherwise being negligent.

14. As a result of the aforesaid conduct and breach of care of the Defendant, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

## COUNT 2

### (NEGLIGENCE PER SE)

### (By Plaintiff Against All Defendants)

15. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

16. Plaintiffs sue in negligence per se, alleging that the Defendant Delta Air lines violated the Federal Aviation Act ("FAA") regulations which are intended to protect against the kinds of injuries or losses that Plaintiffs sustained.

17. Specifically, that in violation of federal regulations, the Defendants

    (1) operated flight 4644 with defective mechanical parts and landing gear;

    (2) failed to adequately and properly conduct maintenance on the plan;

    (3) failed to provide "adequate medical attention" in contravention of the FAA; and

    (4) by failing to safely maintain, operate, equip, manage its aircraft and/or by failing to properly and safely train, teach, educate, prepare, inform, alert, monitor, guide or tutor its pilots, crew and other personnel to operate and maintain a passenger aircraft and failing to abide by policies that would have safely responded to or prevented the emergency situation.

## COUNT 3

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants)

18. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

19. As a direct and proximate result of Defendants conduct, Plaintiff has suffered and continues to suffer emotional distress.

20. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

21. Defendants' conduct was grossly negligent, warranting punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($2,000,000) based on Defendants' net worth.

## COUNT 4

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants)

22. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

23. Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

24. As a direct and proximate result of Defendants conduct, Plaintiff has suffered and continues to suffer emotional distress.

25. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, suffered and/or continues to suffer illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, loss in value of the leasehold, and property damage in an amount to be determined according to proof.

26. Defendants' acts were a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained general, special and property damage in the amount of one million three hundred eighty thousand dollars ($1,380,000);

## PRAYER FOR RELIEF

WHEREFORE: Plaintiff demands judgment against Defendant of an amount greater than $75,000.00, plus costs, pre-judgment interest, post-judgment interest, and for any further relief this Honorable Court deems appropriate.

28. For general, special and property damage in the amount of one million three hundred eighty thousand dollars ($1,380,000);

29. Punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($2,000,000);

30. Costs of suit and for such other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

31. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Respectfully submitted,

Dated: September 19, 2024

                                               _____
                                               Evette Auadalla
                                                   (Plaintiff)

Dated: September 19, 2024

                                               _____
                                               Olivia Auadalla
                                                   (Plaintiff)